PREVIN A. WICK (State Bar No. 216167)
paw@wicklegalgroup.com
WICK LEGAL GROUP
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (213) 459-2200
Facsimile: (213) 459-2200

Of Counsel to:
CREDIT REPAIR LAWYERS OF AMERICA
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

Attorneys for Plaintiff,
TAHIRAH LOCKETT

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHIRAH LOCKETT, an Individual<br><br>Plaintiffs,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC., a Foreign Limited Liability Company,<br><br>Defendants. | Case No: 1:20-at-812<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

PLAINTIFF TAHIRAH LOCKETT ("Plaintiff"), by and through her attorneys, Credit Repair Lawyers of America, for her Complaint against DEFENDANTS, allege, on knowledge as to their own actions, and otherwise upon information and belief, as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), 15 U.S.C. §1692k(d), Cal. Civ. Code §1788.30(f) and 28 U.S.C. §§1331,1337.

2. The transactions and occurrences which give rise to this action occurred in the City of Fresno, Fresno County, California.

3. Plaintiff Tahirah Lockett ("Plaintiff") is a natural person residing in the City of Fresno, Fresno County, California.

4. Plaintiff is informed and believes, and based upon such belief, alleges herein that Defendant Receivables Performance Management, LLC is a foreign limited liability company formed in Washington that conducts business in the State of California ("Defendant").

5. Plaintiff is informed and believes, and based upon such belief, alleges herein that Venue is proper in the Eastern District of California.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt which is allegedly owed by Plaintiff to Sprint in the amount of $491.00 ("the Alleged Debt").

7. On March 16, 2020, Plaintiff obtained her Trans Union credit report and noticed that Defendant reported the Alleged Debt.

8. On or about April 15, 2020, Plaintiff submitted a letter to Defendant disputing the Alleged Debt.

9. On June 15, 2020, Plaintiff obtained her Trans Union credit report and noticed Defendant last reported the tradeline reflected by the Alleged Debt to June 6, 2020 and failed or refused to flag its trade line as disputed, in violations of the FDCPA.

10. Plaintiff is informed and believes, and based upon such belief, alleges herein that in the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

11. Plaintiff is informed and believes, and based upon such belief, alleges herein that Defendant had a reasonable time to instruct Trans Union to flag its trade line as Disputed.

12. Plaintiff is informed and believes, and based upon such belief, alleges herein that Defendant's inaction to have its trade line on Plaintiff's credit report flagged as disputed was either negligent or willful.

13. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit report continues to be damaged due to the Defendant's failure to properly report the associated trade line.

## FIRST CAUSE OF ACTION

### (Violation of the Fair Debt Collection Practices Act)

14. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

15. Plaintiff is informed and believes, and based upon such belief, alleges herein that at all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

17. Plaintiff is informed and believes, and based upon such belief, alleges herein that Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Plaintiff is informed and believes, and based upon such belief, alleges herein that Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692e by using false or misleading representations by failing to flag the Alleged Debt as disputed.

19. As direct and proximate cause of the Defendant's failure to flag its tradeline as disputed, Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA in an amount according to proof at trial.

20. **WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees in an amount according to proof at trial.

///

## SECOND CAUSE OF ACTION

**(Violations of the Rosenthal Fair Debt Collection Practices Act)**

21. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

22. Plaintiff is informed and believes, and based upon such belief, alleges herein that California Civil Code section 1788 *et seq.,* the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

23. Plaintiff is a "person" as defined by Cal Civ. Code § 1788.2(g).

24. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

25. Plaintiff is informed and believes, and based upon such belief, alleges herein that Defendant is a "person" as the term is defined by Cal Civ. Code § 1788.2(g).

26. Plaintiff is informed and believes, and based upon such belief, alleges herein that Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

27. Defendant violated the Rosenthal Act when it collected or attempted to collect Defendant's collection fees and/or expenses from the Plaintiff, in violation of Cal. Civ. Code § 1788.14(b).

28. Defendant violated the Rosenthal Act when it did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

29. Plaintiff was harmed and has suffered economic, emotional, general, and statutory damages in an amount according to proof at trial as a result of these violations of the Rosenthal Act.

30. **WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for statutory damages, actual damages, costs, interest, and attorneys' fees in an amount according to proof at trial.

## PRAYER FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: October 17, 2020                              WICK LEGAL GROUP

By: _/s/ Previn A. Wick_
Previn A. Wick
Attorney for Plaintiff,
TAHIRAH LOCKETT